(No. 1832— )

JOHN WALEN, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed March 13, 1935.*

ISAAC O. GOLDSTINE, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The claimant in this case charges that on the 11th day of August, 1931, he was the owner of an automobile and driving the same over a road under the jurisdiction and control of the State of Illinois, in Cook County, known as Archer Road, at about 11:30 p. m.; that the State was repairing a part of this road and that it had excavated a large portion to a depth of approximately one and one-half feet; and at the end of a day's work, the State failed to barricade the opening and to place lighted lanterns at or near the excavation, and while the claimant was proceeding in the exercise of due care and caution for his own safety and the safety of others, he was unable to see or ascertain the condition of the highway at the point of the repairs, and as the result of said excavation being left unguarded and unlighted he ran his automobile into the excavation and the car turned and fell into the opening; that on the 24th day of August, he gave notice to the Highway Department.

It was further alleged that the automobile was greatly damaged and broken, and the claimant was deprived of the

use of the automobile for a long period of time and suffered damages in the sum of Three Hundred Dollars ($300.00).

Claimant filed a Bill of Particulars showing the cost of the repairs of Two Hundred Fifty-one Dollars and Forty Cents ($251.40).

Claimant testified that on the night in question, he was driving on the road about thirty-five miles per hour, at about 11:30 o'clock; that he hit a hole and turned over. On cross examination he stated that there was a detour sign up ahead, but that the part he was on was not blocked off. Claimant was not sure whether the accident happened on the 4th day of August or on the 11th. He further testified that he had been over the road three or four days before the accident and that it was under repair at that time.

The State demurred to this petition. The watchman for the State, E. W. Lundin, a conductor for the Chicago, Joliet Railway Company, who passed over this road every fifteen minutes, A. P. Doenitz and D. Kinnamon, 5332 S. Mobile Avenue, Chicago, all claimed they passed once sometime before the accident and said there were lights at the proper places. The watchman claimed that the claimant knocked over two of the three lights that had been placed there.

In the construction and maintenance of its roads, the State acts in a governmental capacity and in the exercise of such governmental functions it does not become liable in actions of tort by reason of the malfeasance, misfeasance or negligence of its officers or agents in the absence of a Statute creating such liability. Such has been the settled decision of this court for many years.

The General Assembly has never enacted a law making the State liable for damages caused by the negligent construction or maintenance of a public road and this court has no power to make an award for such damages in the absence of such a Statute.

*Minear* vs. *State Board of Agriculture*, 259 Ill. 549; *Bucholz* vs. *State*, 7 C. C. R. 243; *Derby* vs. *State*, 7 C. C. R. 145; *Chumbler, Admrx.* vs. *State*, 6 C. C. R. 138.

It appearing that there was no wilful or wanton negligence on behalf of the State, the claim, therefore, will be denied. Case dismissed.